_____ LOGGED _____ RECEIVED

DEC 1 1 2014

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

| | | |
|---|---|---|
| MARION SHAWN ANDERSON | ) | IN THE UNITED STATES |
| Petitioner | ) | DISTRICT COURT FOR THE |
| | ) | DISTRICT OF MARYLAND |
| VS | ) | |
| | ) | WMN-14-3880 |
| UNITED STATES OF AMERICA | ) | Case No. WMN 98-0262 |
| RESPONDENT | ) | |
| | ) | |
| | ) | |

---

**PETITION FOR WRIT OF ERROR CORAM NOBIS AND REQUEST FOR AN EXPEDITED HEARING.**

---

TO THE HONORABLE JUDGE W.M. NICKERSON,

COMES NOW, MARION SHAWN ANDERSON, Pro Se in the above styled and numbered cause respectfully moves before this court for entry of an order granting his petition for Writ of Error Coram Nobis to vacate his prior conviction and REQUEST for an EXPEDITED HEARING.

Pursuant to the All Writs Act, a Federal Court may grant writs such as Coram Nobis that were traditionally available only at common law. See 28 U.S.C. 1651(a). A writ of Coram Nobis alleges an error of fact of law, and it is pursued as a remedy when the petitioner is no longer in custody on the judgment. See United States v. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 98 L.Ed. 248(1954). Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgment, without fault of the defendant, which, if known would probably have prevented the judgment". Morgan, 346 U.S. at 516

There is no other statutory or common law remedies available. State v. Hicks, 139 Md. App 1, 10, 773 A.2d 1056, 1061(2001) The defendant will also show adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of U.S. Const. Art. III; and there is an error of the most fundamental character. See eg. Hirabayashi v. United States 828 F.2d 591, 604 (9th Cir. 1987); Scates v. United States, 914 F.2d 249 (4th Cir. 1990)(unpublished).

Judgment was entered in this case on Seotember 29, 2001 in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, MARION SHAWN ANDERSON pled guilty

to a defective indictment to a detectable amount of heroin, cocaine, and cocaine base in violation of Title 21 U.S.C. 846. Marion Shawn Anderson was sentenced to 77 months. Mr. Anderson was charged with $10,000 of U.S. currency that was found in his home by way of the Presentence investigation report converting $10,000 U.S. currency into 500 grams of powder cocaine. This $10,000 of U.S. currency is a element of the offense that was not charged in the indictment. This currency was not going to buy drugs or came from any drug proceeds. The indictment also didn't charge a threshold drug quantity and no drug quantity at all. This defective indictment also did not charge a penalty in the 841(a) statute. See indictment.

The indictment charged a conspiracy to distribute a quantity of a mixture or substance containing a "detectable amount" of heroin, cocaine and cocaine base section 841. The indictment did not allege $10,000 U.S. Currency as an element of the offense. The indictment did not allege any of the threshold levels of drug quantity that lead to enhanced penalties under 841(b).

Congress established a term of imprisonment of not more the 20 years for drug offenses involving a detectable quantity of a schedule I controlled substance, 841(b)(1)(c). But the district court did not sentence Mr. Anderson under this provision. Consistent with the practice in Federal Courts at the time, at sentencing the District Court made a finding of drug quantity that implicated the enhanced penalties of 841(b)(1)(b), which prescribes "a term of imprisonment of 5 years to 40 years" for drug offenses involving 500 grams or more of cocaine, heroin, and cocaine base. An indictment setting forth all the essential elements of an offense is both mandatory and jurisdictional, ..... a court is without jurisdiction to...impose a sentence for an offense not charged in the indictment.

Such an error, the court of Appeals concluded, "seriously affects the fairness, integrity or public reputation of judicial proceeding". Mr. Anderson ask this court to vacate his conviction based also on the conclusion of the Court of Appeals that the omission from the indictment is a "jurisdictional" defect and thus required vacating.

The Court endorses the view that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt". Then, while reviewing the common-law basis for the constitutional rule it announces, the court asserts the historical evidence points to a single, consistent conclusion. The judges role in sentencing is constrained at its outer limits by facts alleged in the indictment and found by the jury. Put simply, facts what expose a defendant

to a punishment greater than what otherwise legally prescribed were by definition "elements" of a separate legal offense.  Imposing a sentence based on facts not alleged in the indictment would impermissbly allow a defendant to be sentenced "on a charge the grand jury never made against him".  Stirone v.United States, 369 U.S. 212, 219, 80 Ct. 270, 4 L. Ed.2d 252 (1960); Russell v. United States, 369 U.S. 749,770, 82 S. Ct. 1038, 8 L. Ed. 2d 240(1962)(holding that to permit defendants to "be convicted on the basis of facts not found by and perhaps not even presented to, the grand jury which indicted then", would deprive them of a basic protection which the guaranty of the intervention of the grand jury was designed to secure"). The quantity and penalty of drugs involved in a violation of 841 is an essential element of the offense.  To pass constitutional muster, an indictment must contain all the essential elements and penalties of the charged offense.

## Petitioner will face significant collateral consequences in his Federal Appeal or resentencing case No. 14-7729

Mr. Anderson seeks coram nobis relief solely because he has a pending Appeal in the United STates Court of Appeals for the Fourth Circuit case no. 14-7729. Mr. Anderson is appealing to have an evidentiary hearing to be resentenced, go to trial or have his conviction vacated.  On July 27 2011Mr. Anderson pleaded guilty to one count of conspiracy of 841(a)(1) and 846 which carry a mandatory minimum sentence of ten years.  Due to one prior conviction Mr. Anderson is suffering a significant collateral consequences from being charged under Title 21, United States Code 851, stating using one prior conviction for a felony drug offense. In which doubled his mandatory minimum from ten years to twenty years.  Mr. Anderson is currently serving a 240 months sentence due to government enchancements by using one prior conviction to double his mandatory minimum from 120 months to 240 months under 21 U.S.C. 851 and 841(a) statutes.  If Mr. Anderson is granted a evidentiary hearing and /or resentenced he will be facing Federal enchancement penalties of mandatory life sentence with two prior convictions.  Statute 21 U.S.C. 841(b) penalties states: "If any person commits a violation of this subparagraph or of section 849, 859,860, or 861 of this title after two or more prior convictions for a felony drug ofense have become final; such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence."  This is a significant collateral consequence.  Courts

2

have clearly held that the Federal enhancements penalties which petitioner will face and that he has already faced and sentenced too for his Federal conviction constitutes significant collateral consequences for coram nobis purposes.  See Hicks, 139md App. at 8-9(holding that a federal enhancement penalty was a significant collateral consequence for which coram nobis relief was warranted); Pitt v. State, 144 Md. App. 49, 66, 796 A.2d 129, 139(allowing petitioner to proceed with his coram nobis petition when the significant collateral consequence alleged was a federally enhanced sentence.)

If the Federal conviction at issue in this petition is not vacated, it will have a significant impact on the terms of Mr. Anderson's federal appeal resentencing and how it is served.  The Federal conviction at issue is of critical importance because they contribute to Mr. Anderson's status of being enhanced under "21 U.S.C. 851 statute."  With this prior conviction Mr. Anderson will face a mandatory "Life" sentence under 21 U.S.C. 851 statute.  The 21 U.S.C. 851 enhancement is triggered if a defendant is convicted of a federal offense that is a  "controlled substance offense" and has two or more prior convictions for a felony "drug offense."  See 21 U.S.C. 841(b) and 21 U.S.C. 851.  If this court vacates Mr. Anderson's prior Federal conviction at issue here, Mr. Anderson will not be subject to the mandatory life under 21 U.S.C. 841(b) and 21 U.S.C. 851 provision because he will no longer have a prior Federal conviction  for "controlled substance offenses."

## A PETITION FOR WRIT OF ERROR CORAM NOBIS IS A PROPER VEHICLE FOR RELIEF

Mr. Anderson properly seeks relief in the form of a writ of error coram nobis pursuant to Skok v. State, 760 A.2d 647, 661 (Md.2000).  In that case the Court of Appeals significantly expanded the scope of coram nobis relief:

> [T]here should be a remedy for a convicted person who
> is not incarcerated and not on parole or probation
> who is suddenly faced with a significant collateral
> consequence of his or her conviction and who can
> legitimately challenge the conviction on constitutional
> or fundamental grounds.  Such person should be able to
> file a motion for coram nobis relief regardless of whether
> the alleged infirmity in the conviction is an error of
> fact or an error of law.  Mr. Anderson meets all of this
> criteria outlined in Skok.

First, Mr. Anderson is not incarcerated on his Federal conviction and is not on parole or probation from this conviction.  This prior conviction is 15 years old.  One is not entitled to challenge a criminal conviction by a coram nobis proceeding if another statutory or common law remedy is available.  See Skok, 760 A.2d at 662.  In this case, Mr. Anderson has no statutory or common law

remedy available to him apart from the writ of coram nobis. He can not challenge the conviction by a petition for writ of habeas corpus or a petition under the Uniform Post Conviction Procedure Act, Md. Code Crim. Proc. 7-101 etseq.,because such actions require the defendant to be incarcerated or on probation or parole pursuant to the conviction being challenged.

Second, Mr. Anderson is facing and has faced significant collateral consequences from the Federal court conviction at issue here. As noted above, Mr. Anderson plead guilty to a one count indictment 21 U.S.C. 841(a) and 851 of federal drug offense in the United States District Court of Virginia. If Mr. Anderson Federal conviction is not vacated, it will have a significant impact on his Federal Appeal to be resentence or go to trial. It will contribute to statute "21 U.S.C. 851" under United States Federal enhancement Statute, which will dramatically increase his mandatory minimum sentence from 240 months to "Life" with no parole sentence. Because Mr. Anderson's Federal conviction will increase his Federal sentence to "Life" the collateral consequences of Mr. Anderson's prior conviction can not be minimized. See State v. Hicks, 733 A.2ds 1056, 1056(Md.2001)(holding that a possible increase in Federal Sentencings as a result of a Federal conviction was a "significant collateral consequence" for which coram nobis relief was appropriate). For all the above-discussed reasons, a coram nobis petition is the appropriate vehicle relief here.


MR. ANDERSON REQUESTS AN EXPEDITED HEARING ON THIS MATTER.

Where, as here, a petitioner establishes that coram nobis is an appropriate avenue for relief, he is entitled to a hearing. See Skok, 760 A.2d at 663. In light of his pending Federal Appeal case, Mr. Anderson request an expedited hearing and decision on the petition.

Without an expedited hearing and decision, a Federal Court may resentence Mr. Anderson based on the prior Federal conviction at issue here, which will result in a significant life term of imprisonment. In order to avoid an permanent sentence of unnecessary incarceration. Mr. Anderson request that the hearing be schedule as soon as possible.

### CONCLUSION

For the foregoing reasons, Mr. Anderson respectfully requests that this court hold a hearing and grant this petition for writ of error coram nobis.

4

Dated December 5 , 2014

Respectfully Submitted,

By: _____
Marion Shawn Anderson
Defendant, Pro Se
No. 33301-037
F.C.I. Allenwood-Low
P.O. Box 1000
White Deer, PA. 17887

## DECLARATION

I, Marion Shawn Anderson, herein declare under penalty if perjury that I am the movant pro se in the above stated matter and that the foregoing is true and correct based upon factual info sought from the Baltimore Federal District Court and the United States District Court for the Eastern District of Virginia.  I make the declaration pursuant to 28 U.S.C. 1746 this 5th day of December, 2014.

By: _____
Marion Shawn Anderson

5